## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Orlando De Jesus-Rodriguez, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as "ATF", being duly sworn, depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States empowered by law to conduct investigations and make arrests upon violations of the offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Task Force Officer with the ATF in San Juan, Puerto Rico, and have been so for the past six (6) years. Prior to becoming a Task Force Officer, I worked over twenty-nine (29) years as an Agent for the Puerto Rico Police Department (PRPD). I am currently assigned to the ATF Violent Crimes Group. As part of the Violent Crimes Group, I conduct investigations of violent gangs, firearms and narcotics violations. I have specialized training and/or experience in the area of high-level drug enforcement, street- level drug enforcement, narcotics smuggling and distribution, gangs, undercover operations, surveillance and debriefing informants and suspects.

3. All reference herein to any experience refers to experience gained through training, conducting firearms and controlled substances investigations, and participating in those investigations with other experienced investigators, as well as conversations with other law enforcement officers.

## FACTS SUPPORTING PROBABLE CAUSE

4. On October 23, 2025, approximately at 11:30am agents from the Puerto Rico Police Department assigned to the Metro Drugs Division conducted an operation at the Monte Hatillo Public Housing Project (PHP) located in San Juan, Puerto Rico, as part of an ongoing enforcement plan. The PRPD Agents entered the PHP in an unmarked police vehicle. While entering, a drug user approached them and offered to purchase drugs for them, but the agents declined and proceeded to park inside the complex.

1

5. The PRPD agents exited the unmarked vehicle and walked toward Building 23, where the known drug point is located within the PHP. As they approached the area near Building 23, the agents observed an individual later identified as Ian FIELDS-GONZÁLEZ standing at the entrance of the stairwell. The agents observed that FIELDS-GONZÁLEZ was holding a plastic container in his hands and counting several small plastic baggies that, based on the agents' training and experience, they recognized as containing cocaine. FIELDS-GONZÁLEZ also had a plastic bag hanging off his elbow.

6. The agents decided to approach and identify themselves as police officers, giving verbal commands to FIELDS-GONZÁLEZ. Upon noticing the presence of the agents, FIELDS-GONZÁLEZ began to flee up the stairwell, prompting a foot pursuit. The agents chased FIELDS-GONZÁLEZ up the stairs until reaching the door of Apartment 298, which he pushed open to gain entry into the apartment. The pursuit continued inside, where the agents observed FIELDS-GONZÁLEZ throw what they recognized as a firearm with a red pistol grip toward the living room area before continuing to flee up the interior stairs of the apartment. One of the pursuing agents stayed behind to secure the firearm while another agent continued the pursuit.

7. The chase continued until the agents observed FIELDS-GONZÁLEZ enter the bathroom and close the door. The agents issued verbal commands while attempting to force entry. Once inside the bathroom, the agent observed FIELDS-GONZÁLEZ attempting to flush the controlled substances down the toilet. The agents again issued verbal commands, which FIELDS-GONZÁLEZ eventually obeyed, stepping out into the hallway area where he was placed under arrest and advised of his Miranda warnings.

8. The agents recovered the firearm that FIELDS-GONZÁLEZ had thrown in the living room area, which was identified as a Glock Model 22, .40 caliber pistol, serial number NPZ601 with a red Supreme pistol grip.

9. From the bathroom area the agents recovered the remaining controlled substances that FIELDS-GONZÁLEZ was unable to destroy. The seized items were described as follows:

    - Twenty-two (22) baggies containing cocaine (Field tested positive to cocaine)

    - One hundred and seventy-seven (177) vials containing crack cocaine (Field tested positive to cocaine)

- Eight (8) baggies containing marijuana (Field tested positive to marijuana)
- Six (6) capsules containing marijuana (Field tested positive to marijuana)
- Forty (40) vials containing fentanyl (Field tested positive to fentanyl)
- Fifty-eight (58) decks containing fentanyl (Field tested positive to fentanyl)

10. These items were recovered from in the plastic bag and the plastic container that they had previously seen as well as from the toilet bowl.

11. FIELDS-GONZÁLEZ and the evidence were transported to the Metro Narcotics Unit to continue the investigation.

12. PRPB Agents performed field tests on all narcotics seized and the results were positive for controlled substances as described above.

13. The items seized are depicted below.



14. PRPB Agents stated that at the Metro Narcotics unit, they again read FIELDS-GONZÁLEZ his Miranda's Rights and Warnings, which he understood and signed, PRPB Agents stated that FIELDS-GONZÁLEZ told the agents that he had previously served a federal prison time for a firearm-related charge.

3

15. ATF Agents arrived at the PRPD Metro Narcotics Unit and assisted in the investigation.

16. A preliminary field test examination of the firearm Glock pistol, model 22, caliber .40, serial number NPZ601 without ammunitions, indicated that this firearm can fire more than a single round of ammunition per single function of the trigger, which would meet the legal definition of a machine gun. Based on my training, knowledge and experience with ATF, the device on the Glock was not installed by the manufacturer and was placed on the firearm with the sole purpose of illegally modifying it to fire fully automatic, meaning that is capable of expelling more than one (1) projectile from one single pull of the trigger.

17. The conversion device can be readily observed by anyone who loads, unloads, charges, cleans, or disassembles the firearm because there is a contrast between the device and the slide of the firearm as depicted below.



18. A search of law enforcement databases reveals that FIELDS-GONZÁLEZ has previously been convicted of a crime punishable by a year or more in prison. FIELDS-GONZÁLEZ served a sentence of 24 months at the federal level for possessing a machinegun in violation of 18 U.S.C. § 922(o) in case 19-201(DRD).

19. The investigation further revealed that no firearms or ammunition, including the type described above, are manufactured in Puerto Rico and therefore, the investigation

concluded that the aforementioned firearm had been shipped or transported in interstate or foreign commerce.

## CONCLUSION

20. Based on the above facts, I have probable cause to believe that Ian FIELDS-GONZÁLEZ has violated federal firearm and controlled substance laws. Specifically, he has violated Title 18, United States Code, § 922(g)(1), Title 18, United States Code, §924(c), Title 21, United States Code, § 841, and 18 U.S.C. § 922(o).

ORLANDO DE JESUS RODRIGUEZ (Affiliate)
Digitally signed by ORLANDO DE JESUS RODRIGUEZ (Affiliate)
Date: 2025.10.24 13:18:20 -04'00'

Orlando De Jesus-Rodriguez
Task Force Officer
ATF

Subscribed and sworn pursuant to FRCP 4.1 at 3:21PM by telephone, on October 24, 2025.

Honorable Marshal Morgan
United States Magistrate Judge